UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DAVID CLAUDE GORDON DOUGLAS,<br>Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>Defendant. | Case No. 17-cv-05980-RMI<br><br>**ORDER ON MOTIONS FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 21, 24 |

Plaintiff David Claude Gordon Douglas seeks judicial review of an Administrative Law Judge ("ALJ") decision denying his application for benefits under Title II of the Social Security Act. Plaintiff's request for review of the ALJ's unfavorable decision was denied by the Appeals Council. *See Administrative Record "AR"* (dkt. 10) at 1-5. The ALJ's decision is therefore the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge s*ee* (dkts. 6, 7) and both parties have moved for summary judgment *see* (dkts. 21, 24). For the reasons stated below, the court will grant Plaintiff's motion for summary judgment in part, deny Defendant's motion for summary judgment, and remand for further proceedings.

**LEGAL STANDARDS**

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## PROCEDURAL HISTORY

Plaintiff filed an application for Title II disability benefits on April 21, 2016, alleging a disability onset date of August 6, 2009. *AR* (dkt. 10) at 195-96. Plaintiff's application was denied initially on June 13, 2016, and upon reconsideration on July 27, 2016. *AR* (dkt. 10) at 88. Plaintiff filed a request for hearing with an ALJ and a hearing was held on April 28, 2017. *Id.* at 38-86. At the hearing, Plaintiff amended his alleged onset date to September 29, 2010. *Id.* at 18, 44. The ALJ issued an unfavorable decision on June 7, 2017. *Id.* at 15-35. Plaintiff requested review by the Appeals Council and the request for review was denied on August 23, 2017. *Id.* at 1-5.

## THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY

A person filing a claim for social security disability benefits ("the claimant") must show that she has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. *See* 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909. The ALJ must consider all evidence in the claimant's case record to determine disability (*see id*. § 416.920(a)(3)), and must use a five step sequential evaluation process to determine whether the claimant is disabled (*see id*. § 416.920). "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step evaluation process. *AR* (dkt. 10) at 15-35.

At Step One, the claimant bears the burden of showing he has not been engaged in

"substantial gainful activity" since the alleged date she became disabled. *See* 20 C.F.R. § 416.920(b). If the claimant has worked and the work is found to be substantial gainful activity, the claimant will be found not disabled. *See id*. The ALJ found that Plaintiff had not engaged in substantial gainful activity since September 29, 2010, his alleged onset date. *AR* (dkt. 10) at 20. The ALJ also found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2014. *Id.*

At Step Two, the claimant bears the burden of showing that he has a medically severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(a)(4)(ii), (c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)). The ALJ found that Plaintiff suffered from the following severe impairments: migraine headaches, anxiety, depression, post-traumatic stress disorder ("PTSD"), adjustment disorder, degenerative disc disease ("DDD"), and bilateral shoulder impingement syndrome. *AR* (dkt. 10) at 20.

At Step Three, the ALJ compares the claimant's impairments to the impairments listed in appendix 1 to subpart P of part 404. *See* 20 C.F.R. § 416.920(a)(4)(iii), (d). The claimant bears the burden of showing his impairments meet or equal an impairment in the listing. *Id*. If the claimant is successful, a disability is presumed and benefits are awarded. *Id*. If the claimant is unsuccessful, the ALJ proceeds to Step Four. *See id*. § 416.920(a)(4)(iv),(e). Here, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. *AR* (dkt. 10) at 21.

At Step Four, the ALJ must determine the claimant's residual functional capacity ("RFC") and then determine whether the claimant has the RFC to perform the requirements of her past relevant work. *See* 20 C.F.R. § 416.920(e) and § 416.945. The ALJ also Plaintiff had the RFC to do the following: 1) lift and carry twenty pounds occasionally and ten pounds frequently; 2) sit for six hours in an eight-hour day; 3) stand and walk for three hours in an eight-hour day; 4) climb ramps and stairs occasionally but never climb ladders, ropes, or scaffolds; and 5) balance, stoop, kneel, crawl, and crouch occasionally. *AR* (dkt. 10) at 21. The ALJ further found that Plaintiff

3

must never work at unprotected heights. *Id.* The ALJ found that Plaintiff is limited to the performance of simple, routine tasks and limited to simple work-related decisions. *Id*. Finally, the ALJ found that Plaintiff can respond appropriately to coworkers and the public only on a brief, casual basis, no more than ten percent of the time. *Id*.

At Step Five, the ALJ must determine whether the claimant is able to do any other work considering her RFC, age, education, and work experience. *See* 20 CFR § 416.920(g). If the claimant is able to do other work, she is not disabled. The ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including assembler and lens inserter. *AR* (dkt. 10) at 29. Thus, the ALJ found Plaintiff was not disabled since July 23, 2014, the date the application was filed. *AR* (dkt. 10) at 30.

## DISCUSSION

### Opinion of David Villasenor, M.D.

Plaintiff contends that the ALJ committed harmful legal error by rejecting the assessments of Plaintiff's treating psychiatrist, David Villasenor, M.D. Defendant disputes this contention.

In regard to a mental impairment questionnaire completed by Dr. Villasenor and dated June 9, 2016, the ALJ found in part as follows:

> This is given partial weight. Dr. Villasenor did not begin treating the claimant until May 27, 2015, which is after the date last insured of December 31, 2014. The testing contradicts the extreme limits in memory (23F). The mental status exams at the psychological CE dated August 9, 2010 (3F) and other psych evaluations (6F, 13F, 19F, 21F) contradict many of the symptoms described. The longitudinal record does not support the alleged frequency of headaches. In addition, the VA finding that the claimant is not unemployable contradicts Dr. Villasenor's opinion.

*AR* (dkt. 10) at 28.[1]

---

[1] Exhibit 23F, found beginning at *AR* (dkt. 10) at 1896, contains a seven-page mental impairment questionnaire completed by David Villasenor, M.D., dated April 14, 2017. Exhibit 3F, found beginning at *AR* (dkt. 10) at 357, is a nine-page document containing a psychological evaluation by Philip M. Cushman, Ph.D., dated August 9, 2010. Exhibit 6F, found beginning at *AR* (dkt. 10) at 476, is a one-hundred-seventy-two-page document comprised of medical records from the Department of Veteran's Affairs. Exhibit 13F, found beginning at *AR* (dkt. 10) at 960, is a two-hundred-forty-seven-page document comprised of medical records from the Department of Veteran's Affairs. Exhibit 19F, found beginning at *AR* (dkt. 10) at 1320, is a two-hundred-seventy-seven page document comprised of medical records from the Department of Veteran's Affairs. Exhibit 21F, found beginning at *AR* (dkt. 10) at 1602, is a two-hundred-seventy-six page

4

The ALJ further found:

> In a mental impairment questionnaire dated April 4, 2017, treating psychiatrist, Dr. Villasenor, indicated that the claimant had many marked limitations. (23F). This is given partial weight for the same reasons noted with regard to the prior opinion dated June 9, 2016 (20F).[2]

*Id.*

Treating physician assessments are at the top of the hierarchy of medical opinion evidence, that is, opinions from treating, examining, or non-examining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). The Commissioner's regulations provide that generally a treating physician's assessment should be given more weight, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." 20 C.F.R. § 404.1527(c)(2). *See Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (reviewing regulatory factors for weighing medical opinion evidence). The Ninth Circuit has explained as follows:

> At least where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir.1991). We have also held that "clear and convincing" reasons are required to reject the treating doctor's ultimate conclusions. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.1988). Even if the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for so doing. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.1983).

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996). *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148(9th Cir. 2001) (where there is a conflict between the opinions of a treating physician and an examining physician, the ALJ may disregard the opinion of the treating physician only if she sets forth specific and legitimate reasons supported by substantial evidence in the record for doing so).

In this case the court finds it unnecessary to address the issue of whether there was a

---

document comprised of medical records from the Department of Veteran's Affairs.

[2] Exhibit 20F, found beginning at *AR* (dkt. 10) at 1597, contains a five-page mental impairment questionnaire completed by David Villasenor, M.D., dated June 9, 2016.

5

conflict between the opinions of Dr. Villasenor and Dr. Cushman, as discussed by the parties. Although the ALJ begins his explanation of why he gave Dr. Villasenor's opinion only partial weight by noting that he did not begin treating Plaintiff until after the date last insured, the ALJ does not discuss or even acknowledge that as a Veteran's Affair's physician, Dr. Villasenor was privy to Defendant's records of five years of treatment with the Veteran's Affairs. Defendant does not respond to Plaintiff's argument on this issue. Further, the following three bases for rejecting Dr. Villasenor's opinions each cite multiple pages of the record (sometimes hundreds of pages) and provide no specifics as to "the testing," "the extreme limits in memory," "other psych exams," "many of the symptoms described," or "the alleged frequency of headaches." This does not meet the standard of specificity required in this Circuit. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989), quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408.(9th Cir. 1986). (An ALJ can meet the burden of providing specific and legitimate reasons supported by substantial evidence in the record by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.") "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988). The ALJ's citations to broad swaths of the records are simply insufficient for the court to be able to assess the ALJ's determinations and determine whether they are supported by substantial evidence.

**Opinion of Philip Cushman, Ph.D.**

Plaintiff contends that the ALJ committed harmful legal error by rejecting the opinion of the agency's psychological consultative examiner, Philip Cushman, Ph.D. Again, Defendant disputes this contention. In regard to Dr. Cushman's evaluation of Plaintiff, the ALJ found in part as follows:

> Dr. Cushman diagnosed the claimant with adjustment disorder with mixed anxiety and depressed mood, pain disorder associated with both psychological factors and medical condition, chronic; psychosocial stressors: recent discharge from the Army and unemployment; and GAF 60. Dr. Cushman stated that the claimant does appear capable of performing some detailed, complex, simple and repetitive tasks in a work setting. However, he might have some difficulties with regular attendance and consistent participation, with difficulties around pain management and accompanying dysphoria and poor concentration. He would have

6

> difficulties working a normal workday or workweek, but might, over time, start working part-time and work his way up if he enjoys the work. Special or additional supervision does not appear needed. He does appear capable of following simple verbal instructions from supervisors, but would have difficulties with more complex instructions. He does appear capable of getting along with supervisors, coworkers and the public. He does appear capable of dealing with the usual stressors encountered in a competitive work environment. Dr. Cushman stated that the claimant would benefit from ongoing supportive counseling to adjust back to civilian life (3F/9). This is given partial weight. It is generally consistent with simple, repetitive tasks not a production rate. The limitations as to "some difficulty" are not specific enough and notable limitations in these areas are not supported by the longitudinal record.

*AR* (dkt. 10) at 26.

As stated above in regard to Dr. Villasenor, the court finds it unnecessary to address the issue of whether there was a conflict between the opinions of Dr. Villasenor and Dr. Cushman. The ALJ gave Dr. Cushman's opinion only partial weight, finding that "[t]he limitations as to 'some difficulty' are not specific enough and notable limitations in these areas are not supported by the longitudinal record." *AR* (dkt. 10) at 26. But the ALJ provided no citation to the 1,917-page Administrative Record in support of this conclusion. Again, the ALJ's explanation for rejecting the opinion of an examining physician is insufficiently specific for the court to determine whether it is supported by substantial evidence in the record.

**<u>Plaintiff's Testimony</u>**

Plaintiff contends that the ALJ committed harmful legal error by rejecting his symptom testimony in the absence of specific, clear and convincing reasons supported by substantial evidence. The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *AR* (dkt. 10) at 24. The evidence discussed by the ALJ in analyzing Plaintiff's testimony includes the opinions of Drs. Villasenor and Cushman. Because the ALJ's discussion of those two medical opinions was insufficiently specific for the court to determine whether the ALJ's decision was supported by substantial evidence, the court cannot make a determination as to the sufficiency of the ALJ's analysis of Plaintiff's testimony.

**New Evidence**

At the time of his hearing before the ALJ, Plaintiff had a 100% disability rating from the Veteran's Administration, but his "individual unemployability" rating was denied. *AR* (dkt. 10) at 205-24. After the ALJ issued her decision, the Veteran's Administration reversed the unemployability rating decision and concluded that Plaintiff was 100% unemployable. *AR* (dkt. 10) at 21-1.

Sentence six of 42 U.S.C. § 405(g) directs that a reviewing court may remand on the basis of evidence submitted to the district court "only upon a showing that there is new evidence which is material and that there is good cause for failing to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Claimant bears the burden of demonstrating that his new evidence is material. *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). To be material under section 405(g), the new evidence must bear directly and substantially on the matter in dispute and the claimant must additionally demonstrate that there is a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing. *Id.*

In this case, Plaintiff has shown that the new evidence is material and that there is a reasonable possibility that it would have changed the outcome of the administrative hearing. The ALJ discredited both Villasenor's work-preclusive assessments and Plaintiff's work-preclusive testimony based in part on the Veteran Administration's initial determination that Plaintiff was not unemployable. *AR* (dkt. 10) at 26-28. The Veteran Administration's subsequent determination that Plaintiff is 100% unemployable might very well change the ALJ's decision. *See McCarty v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (Although a VA rating of disability does not necessarily compel the Social Security Administration to reach the same result, an ALJ must ordinarily give great weight to the VA determination of disability.). There is good cause for Plaintiff not incorporating this evidence into the record at the prior proceeding, because it did not yet exist.

## NATURE OF REMAND

Because the court has found that it cannot determine whether portions of the ALJ's decision are supported by substantial evidence and thus whether the applicable legal standards

have been met, the court finds that this case is not suitable for remand under the credit-as-true doctrine. *See Varney v. Sec'y of Health & Human Servs*., 859 F.2d 1396, 1401 (9th Cir. 1988).

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Plaintiff's motion for summary judgment is granted in part;
2) Defendant's motion for summary judgment is denied;
3) This case is remanded for further proceedings in compliance with this order.

A separate judgment will issue.

**IT IS SO ORDERED.**

Dated: March 21, 2019

ROBERT M. ILLMAN
United States Magistrate Judge